Elwin H. V. Reeves, Jr., and Opal Reeves v. Commissioner.
Reeves v. Commissioner
Docket No. 80820.
United States Tax Court
T.C. Memo 1961-132; 1961 Tax Ct. Memo LEXIS 220; 20 T.C.M. (CCH) 657; T.C.M. (RIA) 61132; May 12, 1961
*220 Petitioners owned two parcels of land. One contained 58 acres and the second 12 1/2 acres. The first parcel was acquired before 1921 and sold in 1954. Held, petitioners' adjusted basis in the first parcel determined. Held, further, petitioners have failed to prove erroneous respondent's determination that they realized a gain on the sale of a part of the second parcel in 1955. Held, further, additions to tax under section 294(d)(1)(A), I.R.C. of 1939, approved. Marcus L. Friedman, Esq., Huron Bldg., Toledo, Ohio, for the petitioners. Henry T. Nicholas, Esq., for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: The respondent determined deficiencies in petitioners' income tax and additions to tax for the years 1954 and 1955 as follows: Additions to Tax,
I.R.C. 1939
Sec. 294
Sec. 294
Year
Deficiency
(d)(1)(A)
(d)(2)
1954
$24,320.23
$1,755.62
$1,523.05
1955
163.15 The issues remaining for decision are: (1) Whether respondent correctly determined that petitioners' adjusted basis in two tracts of land totalling 58 acres was $11,241.09; (2) Whether respondent correctly determined that petitioners realized a gain of $4,662.38 on the sale of an additional 2.12 acres of land; and (3) Whether respondent correctly determined additions to tax under sections 294(d)(1)(A) and 294(d)(2) of the Internal Revenue Code of 1939. [1]
Findings of Fact Petitioners Elwin H. V. Reeves, Jr., and Opal Reeves were husband *222 and wife during 1954 and 1955 and filed joint income tax returns for those years with the district director of internal revenue for the Toledo district of Ohio. Elwin H. V. Reeves, Jr., will hereafter be referred to as petitioner. In 1914 petitioner purchased a 40-acre parcel of land in Lucas County, Ohio, from his father for $4,000. This was part of an 80-acre tract which his father then owned. The deed was recorded July 25, 1919. His father died intestate January 21, 1919, leaving a widow, three daughters, and petitioner as his heirs. The inventory and appraisement of the father's estate included a 12 1/2 tract of land containing the homestead, appraised at $750 an acre, or a total of $9,375, and an adjoining parcel which was the remaining 40 acres of the 80-acre tract mentioned above, appraised at $600 an acre, or a total of $24,000. In 1920 petitioner purchased 18 acres of the 40-acre tract from his father's estate for $5,000. In addition, petitioner became the owner of the 12 1/2-acre tract. The date of acquisition of this parcel does not appear in the record. When petitioner first acquired these tracts, although not swampy, they were very wet in the planting season, and *223 not fit for farming. He and his father had begun to improve the land by tiling and ditching before his father's death. It was also necessary to do grading and remove trees and stumps to make it tillable. The land was cleared little by little and by about 1938 parts of it were being used for farming. By about 1954 the land had become good farm land and was being used as such. From 1919 to 1953 petitioner paid certain general taxes and special assessments levied against this land. On December 20, 1954 petitioner sold the 40-acre and 18-acre tracts for $145,000. He reported the amount received on his 1954 income tax return, claimed a basis in the said property of $115,391.86, claimed $784.02 expenses of sale and reported a gain on the sale of $29,608.14. [2] Petitioner's 1954 income tax return was dated January 31, 1955, and stamped received by the district director on February 4, 1955. Petitioner filed no declaration of estimated tax for the taxable year 1954. On his income tax return for 1955 petitioner reported no gain or loss from the sale of real property. In the deficiency *224 notice respondent made several adjustments for the years 1954 and 1955. Among them he determined that petitioner had additional long-term capital gain in 1954 of $51,683.38. In explanation of this adjustment, respondent stated, in part: It is held that your basis [in 58 acres of land] under sections 1011 and 1012 of the Internal Revenue Code of 1954 is $11,241.09. Selling expense of $784.02 * * * was not deducted from the selling price in error, but is so allowed herein. Accordingly your gain on this sale is increased by $103,366.75 * * *. For the year 1955 respondent determined, among other things, that petitioner had long-term capital gain of $2,331.19 and explained this adjustment, in part, as follows: You failed to report a gain from the sale of 2.12 acres of land to the Toledo Baptist Association in the taxable year * * * 1955. Such gain determined and recognized under sections 1001 and 1002 of the Internal Revenue Code of 1954, in the amount of $4,662.38 is to be taken into income * * * to the extent of 50% thereof since such gain represents a longterm capital gain. Respondent also determined additions to tax for 1954 under *225 sections 294(d)(1)(A) and 294(d)(2). Opinion Petitioner's only evidence in this case is a statement of general and special taxes assessed against the 18, 40, and 12 1/2-acre tracts from 1919 to 1953 and his own testimony, which is somewhat less than clear. No brief was filed for petitioner and our understanding of his case has been gleaned from the petition and petitioner's counsel's opening statement. The petition [3] in this case alleged that respondent erred in reducing the basis of the 58 acres "on the date it was acquired by the taxpayers" and in "[disallowing] * * * certain improvements and assessments" on said property. It further alleged that: In including the capital gain realized on the sale of 2.12 acres disposed of in 1955, the Internal Revenue Agent is in error both as to the basis of the property when it was acquired, and as to the cost of improvements made prior to sale. The petition also places the additions to tax in issue. *226 Petitioner's counsel's opening statement seems to indicate that petitioner's position is that the petitioner should have inherited the 18-acre tract having an assessed value of $600 per acre, or $10,800 for the tract, but that because his father died intestate it was necessary for petitioner to purchase it from the estate for $5,000; that petitioner drained and improved both the 40 and 18-acre tracts over a period of years and made them into fertile, farmable land; that these two factors should be taken into account in determining the basis of the land; and that as of the time of sale of the land, December 20, 1954, the exact amount of the sale price was undeterminable, permitting of no estimate of petitioner's 1954 taxable income and, therefore, providing reasonable cause for not filing a declaration of estimated tax for that year. To show petitioner's basis in the 40-acre tract, respondent introduced a deed dated 1914 to petitioner from petitioner's father which recites a consideration of $4,000. Although petitioner's testimony seems to be that part of the consideration for the 40 acres was work that he had done for his father prior to the transfer, the evidence is at best inconclusive *227 and there is no evidence of the value of such additional consideration, if any. We therefore have found that the cost to petitioner of the 40-acre tract was $4,000. Both parties agree that petitioner paid $5,000 for the 18-acre tract. Petitioner stated at the trial that he "should have inherited" this land from his father, and we assume this is directed toward the fact that the appraised value of the land at that time was $600 an acre or $10,800 for the tract. The evidence is clear that this tract was purchased for $5,000 and we have found that the cost to petitioner was this amount. Petitioner's cost for the 58 acres of land sold in 1954 was $9,000. If we understand petitioner's position, it is that to this acquisition cost must be added the cost of improvements capital in nature and special tax assessments levied against the land over the years it was owned by petitioner. Petitioner variously testified that to improve the land it was necessary to ditch, drain and tile it. It is not clear whether this was done before or after the death of his father, but the record supports an inference that it was the former. At one point in his testimony, petitioner seems to have testified that *228 his estimate of the amount of improvements to the land was some portion of $41,000. There is no showing as to what part of this amount applied to the 58 acres in question, nor as to what part of it should be considered capital in nature, and what part would be noncapital expense. Petitioner's testimony is evidence that there was some cash expended for improvement of the 58 acres which was capital in nature. There is no evidence from which the amount of cash expended can be accurately ascertained. On the basis of the whole record, in the exercise of our best judgment $1,160 will be added to petitioner's cost basis to represent such expenditure for capital improvement. Cohan v. Commissioner, 39 F. 2d 540. Petitioner testified that there "was quite a bit of special assessment" levied against this land over the years, and introduced the results of an examination of the tax duplicates relating to the land in question for the years 1919 through 1953. This evidence showed taxes assessed for the following purposes: general, stone roads, a sewer and unspecified special assessments. All taxes, excluding general taxes, amounted to about $2,150 for this period of time. Respondent *229 determined petitioner's adjusted basis in the 58 acres to be $11,241.09. On brief respondent explains that this amount was arrived at by taking the cost basis of $9,000 and adjusting it upward by $2,241.09 "for special assessment taxes imposed on the property, which respondent assumes to be capital in nature." Petitioner's proof substantiates respondent's allowance and respondent's figure will be used. We hold petitioner's adjusted basis in the 58 acres at the time of sale was $12,401.09. Petitioner has offered no evidence concerning the sale of 2.12 acres in 1955. Respondent's counsel in his opening statement related that this land was a part of the 12 1/2-acre plot and that respondent had allowed $600 an acre instead of the $750 appraised value as the basis of the property on inheritance. Although petitioner testified that he owned the 12 1/2 acres, there is no showing of when or how he acquired it, or of the sales price of the 2.12 acres. We, therefore, hold that respondent correctly determined petitioner realized a capital gain of $4,662.38 in 1955. In respect to the additions to tax under section 294(d)(1)(A) for the year 1954, [4] petitioner's position seems to be that the *230 amount to be received from the sale agreement for the 58 acres was so uncertain in 1954 as to prevent any estimate. There is no evidence to support this. A copy of the sales agreement was introduced in evidence, and it provided for a down payment of $25,000 at the time of entering into the agreement with the balance of $120,000 in notes secured by mortgages on the land. Respondent argues that because of the income received in December 1954 from the sale of the land, petitioner was required to file a declaration of estimated tax under section 58, and that the amount of such income was so large that his gross income from farming would not have been twothirds of the estimated total income from all sources for that year under section 60. Thus, respondent concludes that petitioner did not have an election to file a return on or before January 31, 1955 under section 60. We need not decide this. Although petitioner's return bears a date of January 31, 1955, there is no evidence to show that it was filed at any time prior to February 4, 1955, the date it was stamped received by the district director's office. We hold that petitioner is liable for additions to tax under section 294(d)(1)(A) *231 for failure to file a declaration of estimated tax. Respondent concedes that no addition to tax under section 294(d)(2) of the 1939 Code for the year 1954 is due. Commissioner v. Acker, 361 U.S. 87. Decision will be entered under Rule 50. Footnotes
1. All section references herein are to the Internal Revenue Code of 1939, as amended, unless otherwise indicated.↩
2. Petitioner did not take the expenses of sale into account in computing his gain on the sale.↩
3. The petition in this case contains no statement of facts on which petitioner relies as sustaining the assignments of error. Rule 7(c)(4)(B)5, Tax Court Rules of Practice.↩ Although respondent notes this on brief, he makes no contention that the cause be dismissed on this ground. See Rule 7(a)(2), ibid.
4. This section was in force with respect to taxable years beginning before January 1, 1955. Section 6015(i), Internal Revenue Code of 1954↩.